Matthias, J.
 

 This is an original action in prohibition instituted in this court. By demurrer to the petition and supplement thereto, the question presented is whether one claiming to be entitled to a portion of the money ordered repaid to telephone subscribers by the Public Utilities Commission of Ohio as a result of a telephone rate proceeding, acting- for himself and all other persons alleged to be entitled to a portion of funds created by collections under bond pursuant to statute, may maintain an action in a Court of Common
 
 *554
 
 Pleas for an accounting between sucb telephone company and all sucb subscribers, and may have a receiver appointed by tbe court to take possession of and disburse sucb funds.
 

 Tbe question is one of jurisdiction only. Jurisdiction of Courts of Common Pleas is conferred only by statute, pursuant to Section 4, Article IV of tbe state Constitution, wbicb provides that ‘ ‘ Tbe jurisdiction of tbe courts of common pleas, and of tbe Judges thereof, shall be fixed by law.”
 

 It is not claimed that jurisdiction in sucb matter as that presented by tbe pleadings before us is specifically conferred upon tbe Court of Common Pleas by statute. Tbe general terms and provisions of tbe statute are relied upon as conferring tbe jurisdiction invoked in tbe action wbicb is here sought to be prohibited.
 

 Jurisdiction of tbe Public Utilities Commission of tbe state is likewise conferred by statute, and it has no authority except that thus expressly conferred.
 

 A careful consideration of those statutory provisions, however, compels tbe conclusion that thereby tbe Public Utilities Commission of tbe state has been vested with full and complete power and jurisdiction over public utilities, including tbe fixing of rates for service and tbe restoration of funds resulting from charges found by it to be excessive, but permitted to be collected upon tbe giving of bond executed pursuant to tbe statutory provision.
 

 Tbe only question presented in this case is whether tbe jurisdiction vested and tbe procedure prescribed by the public utilities law. are exclusive. Tbe difficulty, if not impossibility, of supervision of tbe distribution of sucb funds by two separate tribunals is obvious.
 

 Our question is not one of policy. It is only a question of power, and its solution must be found in tbe statutes themselves, since, as we have seen, tbe jurisdiction and power in question are entirely of statutory origin and delegation.
 

 
 *555
 
 By the provisions of Section 614-3, General Code, the Public Utilities Commission of the state is “vested with the power and jurisdiction to supervise and regulate ‘public utilities’ ”. Subsequent sections authorize and direct the commission to hear and determine utility rate controversies, the method of procedure being particularly prescribed by the provisions of Section 614-20, General Code. There jurisdiction is explicitly conferred upon the commission to determine whether any portion of the rate collected under bond furnished as therein prescribed is unreasonable and excessive and requires that the utility shall repay such sum collected as has been found to be excessive, and it is there further provided that repayments shall be made by the utility to the consumers entitled thereto at such times and in such amounts as the commission shall order.
 

 It may be here stated that, pursuant to such authority, the commission, by order issued September 6.1934, modified its previous orders respecting such refunder and gave further and detailed directions to said telephone company relative to the repayment of charges theretofore found to be excessive, and required a report to the commission within sixty days thereafter showing the amount of such excess collected in each exchange involved in such proceeding* during* the period in question, and stated that it retained jurisdiction for the purpose of making such audit or further order as may be necessary.
 

 By the provisions of Section 614-64 and Section 614-65, General Code, strict obedience to “every order, direction and requirement of the commission” is enjoined, and severe penalties for the violation thereof are prescribed, which include not only a fine but imprisonment of officers and agents of any such utility.
 

 The manner of the enforcement of obedience to the orders of the Public Utilities Commission and the procedure for the exaction of penalties for failure to comply with its orders are specifically provided by
 
 *556
 
 statute. Section 614-67, General Code, provides that “Whenever the commission shall be of the opinion that any public utility or railroad has failed, omitted or neglected to obey any order made with respect thereto, or is about to fail or neglect so to do, or is permitting anything, or about to permit anything contrary to, or in violation of law, or an order of the commission, duly authorized under the provisions of this act, the attorney general, upon the request of the commission, shall commence and prosecute such action, actions, or proceedings in mandamus or by injunction in the name of the state, as may be directed by the commission, against such public utility or railroad, alleging the violation complained of and praying for proper relief, and in such case the court may make such order as may be proper in the premises.”
 

 Section 614-68, General Code, subjects a public utility to liability for damages for injury resulting to any person from a failure to comply with its order, and specifically provides that such recovery shall not affect recovery by the state of the penalty otherwise provided.
 

 It is to be observed that the only statutory provision for the enforcement of the order of the commission is one based upon a finding by the commission itself of disobedience or disregard thereof, and that requires action by the Attorney General of the state, upon the request and under the direction of the Public Utilities Commission of the state. The only reference made to a court in connection therewith is that upon suit instituted as authorized by the statute, “the court may make such order as may be proper in the premises.”
 

 All final orders made by the commission are subject to revision by the Supreme Court, and, under the provisions of Section 549, General Code, every other court, in clear and explicit language, is precluded from reviewing, suspending or delaying any order of the com
 
 *557
 
 mission, or from interfering with the commission, or any member, in the performance of official duties.
 

 It is disclosed that the rate proceeding in question, including the orders of the commission relative to repayment of funds created by rates and charges found to be excessive, is now in this court for review. An anomalous situation would be presented if a proceeding may be instituted and maintained in a Common Pleas Court to enforce an order which that court is expressly precluded from reviewing or interfering with in any way, which order, by the only proceeding authorized by statute, is now pending in this court for review.
 

 The jurisdiction specifically conferred by statute upon the Public Utilities Commission over public utilities of the state, including the regulation of rates and the enforcement of repayment of money collected under bond from patrons during the pendency of the proceeding, resulting in a finding that such rates are excessive, is so complete, comprehensive and adequate as to warrant the conclusion that it is likewise exclusive.
 

 The principle announced and applied in the case of
 
 State, ex rel. Bettman, Atty. Genl.,
 
 v.
 
 Court of Common Pleas of Franklin County,
 
 124 Ohio St., 269, 178 N. E., 258, 78 A. L. R., 1079, is likewise applicable in this case and leads us to the conclusion that the Common Pleas Court has not the jurisdiction sought to be invoked in the action there instituted. Accordingly, the demurrer to the petition in this case is overruled, and, if having been indicated that the parties do not desire to further plead, the writ of prohibition sought is awarded.
 

 Writ allowed.
 

 Weygandt, C. J., Stephenson, Jones, Bevis, Zimmerman and Wilkin, JJ., concur.