RUHLIN, APPELLANT, *v.* EAST OHIO GAS CO.,
APPELLEE, ET AL.

(No. 3978—Decided December 17, 1948.)

*Messrs. Brouse, McDowell, May, Bierce & Wortman,*
for appellant.

*Messrs. Buckingham, Doolittle & Burroughs,* for
appellee.

DOYLE, P. J. This cause was instituted in the Court
of Common Pleas of Summit county, seeking to enjoin
the East Ohio Gas Company from refusing to serve the
petitioner with gas for space heating purposes to re-
place other fuel.

The trial court dismissed the petition of the plaintiff,
on the ground that it had no jurisdiction of the subject
of the action. The appeal to this court is on questions
of law from this final order, and the sole question pre-
sented is the one of jurisdiction.

There appears in the pleadings, the contract between
the city of Akron and the East Ohio Gas Company, as
well as various emergency orders of the Public Utili-
ties Commission of Ohio, pertinent to the supplying
of gas by the East Ohio Gas Company in this area.

In our determination of the question of the jurisdic-

tion of the Court of Common Pleas, we must look necessarily to the question of power, and "its solution must be found in the statutes themselves, since * * * the jurisdiction and power in question are entirely of statutory origin and delegation." *State, ex rel. Ohio Bell Telephone Co.,* v. *Court of Common Pleas,* 128 Ohio St., 553, 192 N. E., 787.

The Supreme Court has recently examined the statutes giving power to the Public Utilities Commission and to certain orders of the commission, and in connection therewith, pronounced:

"6. A temporary and state-wide order of the Public Utilities Commission, which is adopted and promulgated after a hearing and upon a finding that such order is essential to protect the health and safety of the people of the state because of a serious shortage of natural gas for consumption and use by Ohio consumers which shortage is due in part to greatly increased demands of consumers for gas to be used in space heating of homes and which order in part requires that 'no distributing utility shall supply or be required to supply natural gas service to any consumer, present or prospective, in the state of Ohio for equipment designed to furnish the source of space heating that replaces other fuels, or for additional space heating,' is a valid exercise of the police power of the state and binding on all parties to contracts for the sale and purchase of natural gas, whether municipalities, corporations or individuals."

In the same case, we find also the following pronouncement:

"3. All contracts are subject to the paramount rights of the public, and all contracts the subject matter of which involves the public welfare will have read into them with the same force and effect, as if ex-

pressed in clear and definite terms, all valid public regulations then existing or thereafter enacted, essential for the promotion of the health, safety and welfare of the people. The authority of the state to exercise its general police power must be recognized as an implied condition of any such contract.'' *City of Akron* v. *Public Utilities Comm.,* 149 Ohio St., 347, 78 N. E. (2d), 890.

The appellant does not challenge the legality of the commission's orders now in controversy, but claims, *inter alia,* ''that the Common Pleas Court has jurisdiction * * * upon the issues made by the pleadings and the jurisdiction to try the matters to determine if there has been a violation of the Akron franchise, as altered or amended by the effective emergency orders of the Public Utilities Commission.''

It appears from the pleadings that the emergency orders of the commission govern entirely the rights of the parties in respect to the complaints made in the petition, and, this being so, the commission alone is empowered, under the statutes, to bring action against the utility company to compel the enforcement of its orders, in the event of a claimed violation thereof. Section 614-67, General Code.

It is our conclusion that the Court of Common Pleas has no jurisdiction of the subject of this action, and that the judgment of that court in so finding must be affirmed.

*Judgment affirmed.*

SKEEL and HUNSICKER, JJ., concur.

SKEEL, J., of the Eighth Appellate District, sitting by designation in the Ninth Appellate District.