THE STATE, EX REL. DILL, APPELLANT, *v.* BOWLING GREEN STATE UNIVERSITY ET AL., APPELLEES.

[Cite as State, ex rel. Dill, *v.* Bowling Green State Univ. (1987), 32 Ohio St. 3d 132.]

(No. 86-1538 — Decided August 19, 1987.)

*Lucas, Prendergast, Albright, Gibson & Newman* and *James E. Melle,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *John G. Mattimoe,* special counsel, for appellees.

*Per Curiam.* This court has consistently held that in order for a writ of mandamus to issue, a relator must demonstrate (1) that there is a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the requested acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 6 OBR 50, 451 N.E. 2d 225.

Appellant acknowledges that she, as a classified civil service employee, had a right to file an appeal with the SPBR contesting an adverse personnel action even though the employer failed to file an order with the SPBR. However, she also urges that, as a non-union employee, she may enforce the decision of the review committee by way of an action for a writ of mandamus. Thus, she contends that she has two remedies — one by agreement between the employer and its employees and the other by statute. Appellant urges that her action by way of statute does not impede her right to seek a writ of mandamus ordering respondent to reinstate her pursuant to the recommendation of the review committee.[1]

"It is firmly established that the writ of mandamus will not issue '* * * where the relator has or had available a clear, plain and adequate remedy in the ordinary course of the law.' * * *'' *State, ex rel. Berger, supra,* at 30, 6 OBR at 51, 451 N.E. 2d at 227. "Moreover, it is axiomatic that a '* * * discretionary right of appeal * * * [constitutes] a sufficiently plain and adequate remedy in the ordinary course of the law.' * * *'' *Id.* at 30, 6 OBR at 52, 451 N.E. 2d at 227. Here, relator had a plain and adequate remedy at law by way of appeal to the SPBR. The existence of this remedy of appeal divests this court of jurisdiction to consider mandamus relief with respect to the grievance procedure.

---

[1] We note that appellant does not dispute that she pursued such an appeal to the SPBR.

We have repeatedly held that when a complaint "stating a proper cause of action in mandamus is filed originally in the Supreme Court or in the Court of Appeals, and it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal, neither the Supreme Court nor the Court of Appeals has authority to exercise jurisdictional discretion, but those courts are required to deny the writ." *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, paragraph three of the syllabus; *State, ex rel. Middletown Bd. of Edn.,* v. *Butler Cty. Budget Comm.* (1987), 31 Ohio St. 3d 251, 31 OBR 455, 510 N.E. 2d 383.

Based on the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT, and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.