BOWLING GREEN STATE UNIVERSITY ET AL., APPELLANTS, *v.*
WILLIAMSON, JUDGE, ET AL., APPELLEES.

[Cite as Bowling Green State Univ. *v.* Williamson (1988), 39 Ohio St. 3d 141.]

(No. 87-568—Submitted July 27, 1988—Decided October 19, 1988.)

*Anthony J. Celebrezze, Jr.,* attorney general, *John G. Mattimoe* and *David L. O'Connell,* for appellants.

*Betty D. Montgomery,* prosecuting attorney, and *Raymond C. Fischer,* for appellee Gale Williamson.

*Lucas, Prendergast, Albright, Gibson & Newman, James E. Melle* and *Mark S. Scherer,* for intervenor-appellee Maxine Allen.

*Per Curiam.* Appellants' main contention is that the court of common pleas, though it has jurisdiction to grant mandamus relief, R.C. 2731.02, lacks jurisdiction to proceed with this action because Allen, having an adequate remedy at law, is not entitled to the writ. We disagree. The merits of Allen's claim in mandamus and the court's jurisdiction to grant it are distinct issues.

We have said that the existence of an adequate legal remedy "divests this court of jurisdiction to consider man-

damus relief * * *." *State, ex rel. Dill,* v. *Bowling Green State Univ.* (1987), 32 Ohio St. 3d 132, 133, 512 N.E. 2d 645, 647. However, this statement from *Dill* is inconsistent with the leading case on mandamus, *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631. The *Pressley* court held:

"* * * [W]hen a petition, which properly states a cause of action in mandamus, is filed in this court this court has no authority to exercise discretion, but is *required to exercise its original jurisdiction in mandamus * * *.* When a petition which properly states a cause of action in mandamus is filed in this court or in the Court of Appeals and the exercise of the jurisdiction of this court is invoked, *and it is determined that the relator has a plain and adequate remedy in the ordinary course of the law* by way of appeal, neither this court nor the Court of Appeals has the authority to exercise discretion but those courts are required to deny the writ." (Emphasis added.) *Id.* at 159-160, 40 O.O. 2d at 153, 228 N.E. 2d at 646.

Thus, under *Pressley,* when a petition alleging the three elements of a mandamus claim is filed, mandamus jurisdiction is established. Once jurisdiction is established, the court will determine whether an adequate legal remedy exists. But, cf., *id.* at paragraph three of the syllabus (court may not exercise "jurisdictional discretion" where adequate legal remedy exists, but must deny writ). The above-quoted language from *Dill* represents an incorrect use of the word "jurisdiction." To the extent that it differs from *Pressley,* it is disapproved.

Where prohibition is sought to halt an action in a lower court, the merits of the underlying action are not properly before the court considering the prohibition action. See *State, ex rel. Celebrezze,* v. *Court of Common Pleas* (1979), 60 Ohio St. 2d 188, 190, 14 O.O. 3d 441, 442, 398 N.E. 2d 777, 779, at fn. 3 (declining to express a view of the validity of plaintiff's claim in underlying action). Since the adequacy of Allen's legal remedies goes to the merits of her mandamus action, it cannot be reviewed in this prohibition action.

Appellants also argue that the common pleas court lacked jurisdiction because the General Assembly, by enacting a comprehensive statutory scheme to handle appeals from certain personnel actions, gave exclusive jurisdiction over such actions to the State Personnel Board of Review ("SPBR"). According to appellant, the SPBR's jurisdiction is " 'so complete, comprehensive, and adequate as to warrant the conclusion that it is likewise exclusive.' " *State, ex rel. Northern Ohio Tel. Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6, 9, 52 O.O. 2d 29, 31, 260 N.E. 2d 827, 829, quoting *State, ex rel. Ohio Bell Tel. Co.,* v. *Court* (1934), 128 Ohio St. 553, 557, 1 O.O. 99, 101, 192 N.E. 787, 789. We disagree.

R.C. 124.34 does not specifically manifest an intent to remove from common pleas courts the mandamus jurisdiction they ordinarily have, unlike the statute construed in *Ohio Bell, supra,* where we noted:

"All final orders made by the [public utilities] commission are subject to revision by the Supreme Court, and * * * every other court, in clear and explicit [statutory] language, is precluded from reviewing, suspending, or delaying any order of the commission, or from interfering with the commission, or any member, in the performance of official duties." *Id.* at 556-557, 1 O.O. at 100, 192 N.E. at 788. Cf. *State, ex rel. Safeco Ins. Co.,* v. *Kornowski* (1974), 40 Ohio St. 2d 20, 69 O.O. 2d

90, 317 N.E. 2d 920 (R.C. 1901.17 and App. R. 7[B] specifically limited monetary jurisdiction of municipal court).

Similarly, in *State, ex rel. Geauga Cty. Budget Comm.,* v. *Court of Appeals* (1982), 1 Ohio St. 3d 110, 1 OBR 143, 438 N.E. 2d 428, this court held that the General Assembly had created a comprehensive and exclusive scheme governing review of county budget commission activities. In so holding, we cited R.C. 5703.02(A)(1), which empowers the Board of Tax Appeals "to hear and determine *all* appeals * * *from decisions * * * of any tax administrative agency established by the laws of this state, including * * * appeals from * * * [a]ctions of county budget commissions * * *." (Emphasis added.) Thus, the language of the enabling Act, like that relied on in *Ohio Bell,* plainly manifested an intent to preclude mandamus ˙jurisdiction, in order to protect the exclusivity of the BTA's jurisdiction.

R.C. 124.03, which created the SPBR, does not specifically establish exclusive jurisdiction and remove mandamus jurisdiction. It provides in subdivision (A) that the SPBR shall "hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities * * * relative to reduction in pay or position * * *." Unlike R.C. 5703.02, it does not state that the SPBR shall hear "all [such] appeals."

The common pleas court has jurisdiction here. Prohibition will not lie, and the court of appeals correctly refused it.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.

HOLMES, J., not participating.