DECISION *Page 2 
{¶ 1} Relator, Yvonne D. Lewis, filed this original action requesting a writ of prohibition against respondent, The Honorable Michael Holbrook ("Judge Holbrook"), a judge of the Franklin County Court of Common Pleas, to prevent Judge Holbrook from proceeding on a complaint, filed by intervenor, The Huntington National Bank ("Huntington"), for a declaration that relator and her husband, Sidney T. Lewis (collectively, "the Lewises"), are vexatious litigators pursuant to R.C. 2323.52.
 {¶ 2} The court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court grant Judge Holbrook's and Huntington's motions to dismiss relator's complaint. (Attached as Appendix A.) Specifically, the magistrate concluded that the common pleas court and Judge Holbrook have subject-matter jurisdiction over civil actions, such as Huntington's, to have a person declared a vexatious litigator, and that, therefore, relator's complaint fails to state a claim upon which relief can be granted.
 {¶ 3} Relator has filed objections to the magistrate's findings of fact and conclusions of law.
 {¶ 4} Relator objects to the following findings of fact in the magistrate's decision:
 2. According to the complaint, relator is a co-defendant in a civil action filed by Huntington National Bank ("Huntington") on July 8, 2005, in the common pleas court. That action is assigned case No. 05CVH-07-7346 and is assigned to Judge Holbrook.
 7. Also on March 5, 2007, Judge Holbrook filed a motion to dismiss, or, in the alternative, for summary judgment. In support of his motion for summary judgment, Judge *Page 3 
Holbrook submitted a certified copy of the complaint filed by Huntington in the vexatious litigator action.
Relator argues that the magistrate's second finding of fact is in error because the original action between relator and Huntington was Franklin County Court of Common Pleas Case No. 03CV-7478, filed on July 7, 2003. Relator argues that the magistrate's seventh finding of fact is in error because it "conceals" an affidavit by a Huntington employee, filed in the underlying action between the Lewises and Huntington and mentioned in Huntington's vexatious litigator complaint. We find no error in the magistrate's findings of fact. The magistrate's second finding of fact accurately reflects the facts alleged in relator's complaint for a writ of prohibition, and the magistrate's seventh finding of fact is a correct statement of the record in this prohibition action.
 {¶ 5} Relator also sets forth proposed findings of fact, relating to prior actions and appeals between the Lewises and Huntington and to relator's bankruptcy proceedings. Relator's proposed findings of fact are irrelevant to our review of relator's prohibition complaint. While such facts may be relevant to the merits of Huntington's vexatious litigator action, where a relator seeks a writ of prohibition to halt an action in a lower court, the merits of the underlying action are not properly before the court considering the prohibition action.Bowling Green State Univ. v. Williamson (1988), 39 Ohio St.3d 141, 142. Thus, neither the merits of Huntington's vexatious litigator action nor the merits of the prior actions between Huntington and the Lewises are properly before us. Rather, we are concerned solely with the trial court's authority to hear and determine Huntington's vexatious litigator action. See State ex rel. Eaton Corp. v. Lancaster (1988),40 Ohio St.3d 404, 409, quoting State ex rel. Staton v. Common *Page 4 Pleas Court (1965), 5 Ohio St.2d 17, 21 ("[prohibition tests and determines `solely and only' the subject matter jurisdiction of the inferior tribunal").
 {¶ 6} While not specifically objecting to the magistrate's conclusions of law, relator offers proposed conclusions of law, in which she seems to argue that this court's determination of a prior appeal between the Lewises and Huntington bars consideration of Huntington's vexatious litigator action. Relator also seems to argue that her discharge in bankruptcy bars Huntington's vexatious litigator action.
 {¶ 7} The magistrate correctly noted the general rule that, for a writ of prohibition to issue, a relator must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and (3) the relator has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied.State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 178. Applying that rule, the magistrate concluded that relator's complaint failed to state a cause of action in prohibition and, accordingly, recommended that this court grant Judge Holbrook's and Huntington's motions to dismiss. In order to dismiss a complaint for a writ under Civ.R. 12(B)(6), it must appear beyond doubt from the complaint, after presuming the truth of all material factual allegations and making all reasonable inferences in favor of the relator, that the relator can prove no set of facts warranting extraordinary relief. State ex rel.Hunter v. Patterson, 75 Ohio St.3d 512, 513-514, 1996-Ohio-203.
 {¶ 8} R.C. 2323.52(B) clearly vests the courts of common pleas with general subject-matter jurisdiction to hear a civil action for a declaration that a person is a vexatious litigator. Absent a patent and unambiguous lack of jurisdiction, a court having *Page 5 
general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging such jurisdiction has an adequate remedy by appeal. State ex rel. Kaylor v. Bruening, 80 Ohio St.3d 142, 144-145,1997-Ohio-350. Here, the common pleas court has general subject-matter jurisdiction over Huntington's vexatious litigator action, and such jurisdiction encompasses the authority to determine whether our determination of any prior appeal between the Lewises and Huntington, or relator's discharge in bankruptcy impacts Huntington's claim. To the extent she challenges the exercise of such jurisdiction, relator has an adequate remedy by way of appeal. Because the common pleas court and Judge Holbrook possess subject-matter jurisdiction over Huntington's vexatious litigator action, relator fails to state a claim for relief in prohibition.
 {¶ 9} Finding no error of law or other defect on the face of the magistrate's decision, and based on an independent review, we overrule relator's objections and adopt the magistrate's decision, including the findings of fact and conclusions of law, as our own. In accordance with the magistrate's decision, Judge Holbrook's and Huntington's motions to dismiss are granted, and this action is hereby dismissed. Relator's outstanding motions are denied.
Objections overruled, motions to dismiss granted, actiondismissed.
BRYANT and BRYANT, JJ., concur.
BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 6 
 APPENDIX A MAGISTRATE'S DECISION Rendered on June 5, 2007 IN PROHIBITION ON MOTIONS {¶ 10} In this original action, relator, Yvonne D. Lewis, requests that a writ of prohibition issue against respondent, The Honorable Michael Holbrook ("Judge Holbrook"), a judge of the Franklin County Court of Common Pleas. *Page 7 
Findings of Fact: {¶ 11} 1. On January 2, 2007, relator filed this original action for a writ of prohibition to issue against Judge Holbrook.
 {¶ 12} 2. According to the complaint, relator is a co-defendant in a civil action filed by Huntington National Bank ("Huntington") on July 8, 2005, in the common pleas court. That action is assigned case No. 05CVH-07-7346 and is assigned to Judge Holbrook.
 {¶ 13} 3. According to the complaint, Huntington brought the civil action in common pleas court to have relator declared a vexatious litigator pursuant to R.C. 2323.52. That common pleas court action shall hereinafter be referred to as the vexatious litigator action.
 {¶ 14} 4. According to the complaint, relator moved to dismiss the vexatious litigator action on grounds that relator had been discharged in bankruptcy by the United States Bankruptcy Court for the Southern District of Ohio.
 {¶ 15} 5. According to the complaint, notwithstanding her motion to dismiss filed in the vexatious litigator action, Judge Holbrook scheduled the action for trial.
 {¶ 16} 6. On March 5, 2007, Huntington moved to intervene in this action and for leave to file a motion to dismiss. On March 9, 2007, the magistrate granted Huntington's motion to intervene.
 {¶ 17} 7. Also on March 5, 2007, Judge Holbrook filed a motion to dismiss, or, in the alternative, for summary judgment. In support of his motion for summary judgment, Judge Holbrook submitted a certified copy of the complaint filed by Huntington in the vexatious litigator action. *Page 8 
 {¶ 18} 8. On March 9, 2007, the magistrate issued notice that respondent's motion for summary judgment is set for submission to the magistrate on March 29, 2007.
Conclusions of Law: {¶ 19} It is the magistrate's decision that this court grant the motions to dismiss filed by Huntington and Judge Holbrook.
 {¶ 20} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff/relator can prove no set of facts entitling him/her to recovery. O'Brien v. Univ. Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242.
 {¶ 21} A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions.State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70, 73. In other words, the purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction. Id.
 {¶ 22} A writ of prohibition "tests and determines `solely and only' the subject matter jurisdiction" of the lower court. State ex rel. EatonCorp. v. Lancaster (1988), 40 Ohio St.3d 404, 409; State ex rel. Statonv. Franklin Cty. Common Pleas Court (1965), 5 Ohio St.2d 17, 21;Tubbs Jones, supra, at 73.
 {¶ 23} As a general rule, in order for a writ of prohibition to issue, the relator must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and (3) the relator has no other adequate remedy in the *Page 9 
ordinary course of law if a writ of prohibition is denied. State ex rel.Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 178.
 {¶ 24} If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court. State ex rel. Adams v. Gusweiler (1972),30 Ohio St.2d 326, 329.
 {¶ 25} R.C. 2323.52(B) states:
 A person * * * who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator.
 {¶ 26} Clearly, under R.C. 2323.52(B), the common pleas court has subject-matter jurisdiction over civil actions seeking to have a person declared a vexatious litigator. Thus, Judge Holbrook has subject-matter jurisdiction over the vexatious litigator action that is the subject of relator's prohibition action.
 {¶ 27} Moreover, Judge Holbrook has subject-matter jurisdiction to determine what impact, if any, relator's bankruptcy discharge may have in the vexatious litigator action.
 {¶ 28} Accordingly, it is clear beyond doubt from the complaint itself that relator has failed to state a claim upon which relief in prohibition can be granted. *Page 10 
 {¶ 29} Given that this court must grant the motions to dismiss, Judge Holbrook's motion for summary judgment is rendered moot, and must be denied solely on that basis.
 {¶ 30} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant the motions to dismiss filed by Huntington and Judge Holbrook. It is further the magistrate's decision that Judge Holbrook's motion for summary judgment be denied solely because it is rendered moot by the granting of the motions to dismiss. *Page 1