DECISION
 IN PROHIBITION ON OBJECTIONS TO THE MAGISTRATE'S DECISION {¶ 1} Relator, Richard Stevenson, filed this original action requesting a writ of prohibition ordering respondent, The Honorable Elizabeth Gill ("Judge Gill"), a judge in the Franklin County Court of Common Pleas, Division of Domestic Relations, to refrain from exercising jurisdiction over a contempt motion filed by the Franklin County Child Support Enforcement Agency ("FCCSEA") in relator's underlying divorce proceedings. *Page 2 
 {¶ 2} The court referred this matter to a magistrate pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court grant Judge Gill's motion to dismiss relator's complaint. (Attached as Appendix A.) Specifically, the magistrate concluded relator did not demonstrate a patent and unambiguous lack of the trial court's jurisdiction. The magistrate also concluded that in the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy at law by way of appeal. Therefore, the magistrate found relator's complaint fails to state a claim upon which relief can be granted.
 {¶ 3} By way of background, after Judge Gill filed a motion to dismiss on February 19, 2008, relator filed, on March 5, 2008, a motion for an extension of time to respond to Judge Gill's motion. The magistrate denied relator's request. Thereafter, the magistrate issued the decision described supra.
 {¶ 4} Relator has filed objections to the magistrate's decision. Although not delineating specific objections, relator first argues the magistrate erred by applying Loc. R. 6 rather than Loc. R. 12, which resulted in the magistrate finding that relator had ten days to respond to Judge Gill's motion to dismiss rather than 15 days. Thus, relator contends his motion for extension of time to respond was not untimely and should not have been denied on this basis. Relator also argues the magistrate erred in finding relator has an adequate remedy at law because the trial court does indeed lack jurisdiction in this instance. *Page 3 
 {¶ 5} Relator contends the magistrate erroneously denied his motion for an extension of time because it was untimely. To some extent, relator is correct because relator had 15 days, not ten days, in which to file a response to the motion to dismiss. If untimeliness was the only reason cited by the magistrate for her denial of relator's motion, we would find merit to relator's argument. However, the magistrate stated, "[b]ecause relator has been represented by counsel both in the trial court and here, and because the motion for extension of time is untimely, it is hereby denied." (Mar. 7, 2008 Order.) As demonstrated, the magistrate gave an alternate reason for her denial of relator's motion and we find no error for the same.
 {¶ 6} Additionally, as will be discussed in more detail below, relator has an adequate remedy at law and is not entitled to a writ of prohibition in this instance. Further, though not given an extension of time to file a response to Judge Gill's motion to dismiss, relator has had the opportunity to present his arguments against dismissal to the court via the objections that are now under review. Therefore, even if the magistrate did err in denying relator's motion for an extension of time to respond, we find it to be of no consequence.
 {¶ 7} It is relator's contention that an attorney employed by FCCSEA filed the motion for contempt at issue here, but that the actual client is the state of Ohio. Because the state of Ohio has not been added as a party to the underlying divorce action, and the state of Ohio did not file a motion to intervene, it is relator's position that the state of Ohio did not properly invoke the jurisdiction of the court. Relator contends the issue here is how to initiate the contempt action, not whether counsel can initiate the contempt action. *Page 4 
Relator also contends, without an application filed pursuant to R.C. 3123.14 et seq., the trial court has no jurisdiction to proceed on the motion for contempt.
 {¶ 8} Initially, we note relator provides no authority whatsoever for the propositions he states, and we will fail to see a patent and unambiguous lack of jurisdiction. Thus, not being able to demonstrate a patent and unambiguous lack of jurisdiction, relator has to overcome the well-established rule that "[a]bsent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging such jurisdiction has an adequate remedy by appeal." State ex rel. Kaylor v.Bruening (1997), 80 Ohio St.3d 142, 144-145. Here, the common pleas court has general subject-matter jurisdiction over the underlying divorce action, and such jurisdiction encompasses matters of child support and arrearages. Relator has an adequate remedy at law by way of appeal to challenge the trial court's actions, and he has failed to establish otherwise. Thus, relator fails to state a claim for relief in prohibition. See State ex rel. Lewis v. Holbrook, Franklin App. No. 07AP-5, 2007-Ohio-4459.
 {¶ 9} Upon review of this matter and for the reasons set forth in this decision, we overrule relator's objections and adopt the magistrate's decision, including the findings of fact and conclusions of law, as our own. In accordance with the magistrate's decision, Judge Gill's motion to dismiss is granted, and this action is hereby dismissed.
Objections overruled; motion to dismiss granted.
 BRYANT and KLATT, JJ., concur. *Page 5 
 APPENDIX A MAGISTRATE`S DECISION IN PROHIBITION ON MOTION TO DISMISS {¶ 10} Relator, Richard Stevenson, has filed this original action requesting that this court issue a writ of prohibition ordering respondent, Judge Elizabeth Gill, to refrain from exercising jurisdiction over a contempt motion filed by the Franklin County Child Support Enforcement Agency ("FCCSEA") in relator's underlying divorce proceedings. *Page 6 
Findings of Fact: {¶ 11} 1. Relator is the "defendant in a divorce case styledAndrea Stevenson v. Richard Stevenson, Case No. 91DR-12-6110, brought in the Franklin County, Ohio Court of Common Pleas, Division of Domestic Relations."
 {¶ 12} 2. Relator was ordered to pay child support for his son.
 {¶ 13} 3. In April 2005, child support was terminated by court order due to the child's emancipation. At that time, an order determining and requiring relator to purge the child support arrearages was also issued by the court.
 {¶ 14} 4. On April 25, 2007, FCCSEA filed a motion against relator for, "among other things, contempt of court alleging that Relator failed to comply with the court's previous `purge order.'"
 {¶ 15} 5. Relator filed the instant prohibition action in this court in January 2008 arguing that respondent does not have jurisdiction to rule on the contempt motion filed by FCCSEA because FCCSEA was not a party to the action and a motion to intervene was required before FCCSEA could properly invoke the jurisdiction of respondent.
 {¶ 16} 6. Respondent has filed a motion to dismiss and relator has not filed a response.
 {¶ 17} 7. The matter is currently before the magistrate for determination.
Conclusions of Law: {¶ 18} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. In reviewing the complaint, *Page 7 
the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. Id.
 {¶ 19} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. O'Brien v. University Community TenantsUnion (1975), 42 Ohio St.2d 242. As such, a complaint for writ of mandamus is not subject to dismissal under Civ. R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. State ex rel. Boggs v.Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94. For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.
 {¶ 20} A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. State ex rel. Tubbs Jones v. Suster
(1998), 84 Ohio St.3d 70. A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, relator must establish that: (1) respondent is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Henry v. McMonagle (2000),87 Ohio St.3d 543. *Page 8 
 {¶ 21} Relator contends that his former wife was the only party who would have brought an action against him and that FCCSEA could not do so without filing a separate motion to intervene. Relator points to R.C. 3123.14, which provides in part:
 If a child support order is terminated for any reason, the obligor under the child support order * * * in default under the support order and * * * owes an arrearage under the order, the obligee may make application to the child support enforcement agency that administered the child support order prior to its termination * * * to maintain any action or proceeding on behalf of the obligee to obtain a judgment, execution of a judgment through any available procedure, an order, or other relief. * * *
 {¶ 22} However, relator ignores R.C. 2705.031 which provides that a county child support enforcement agency may initiate a contempt action for the failure to pay child support.
 {¶ 23} FCCSEA may file a contempt action in order to compel the payment of child support arrearages. See Collins v. Collins (1998), 127 Ohio App.3d 281, and Anspach v. Anspach (Apr. 27, 1992), Hardin App. No. 6-91-8. Further, respondent is authorized by law to adjudicate FCCSEA's motion for contempt for relator's failure to pay court-ordered child support and the court's authority to enforce a child support order does not end upon the emancipation of the child. See R.C. 3109.05 andCramer v. Petrie (1994), 70 Ohio St.3d 131.
 {¶ 24} As indicated above, respondent is authorized by law to adjudicate the motion of FCCSEA in the underlying action. As such, relator cannot demonstrate a patent and unambiguous lack of jurisdiction. Further, in the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can *Page 9 
determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy at law by way of appeal.
 {¶ 25} Because respondent is authorized by law to adjudicate the underlying motion and because relator has an adequate remedy at law, respondent's motion to dismiss should be granted and the within action should be dismissed. *Page 1