[Cite as *DeLost v. Ohio Edison Co.*, 2012-Ohio-4561.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RAYMOND M. DELOST, et al. | ) | CASE NO. 10 MA 162 |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| OHIO EDISON COMPANY, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common Pleas of Mahoning County, Ohio Case No. 08 CV 2839

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiffs-Appellants: Atty. Raymond M. Delost
3685 Stutz Drive, Suite 100
Canfield, Ohio 44406

Atty. Richard L. Goodman
720 Youngstown-Warren Road, Suite E
Niles, Ohio 44446

For Defendants-Appellees: Atty. John T. Dellick
Harrington, Hoppe & Mitchell, Ltd.
26 Market Street, Suite 1200
P.O. Box 6077
Youngstown, Ohio 44501-6077

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: September 25, 2012

[Cite as *DeLost v. Ohio Edison Co.*, 2012-Ohio-4561.]
WAITE, P.J.

{¶1} This appeal is part of a longstanding dispute between Appellants Raymond and Maria Delost ("the Delosts"), and Appellees Ohio Edison Company ("Ohio Edison") and Penn Line Service, Inc. ("Penn Line"), over the removal of trees on the Delosts' property. The instant appeal deals with the removal of 21 white pine trees from the utility transmission easement that crosses the Delosts' property. The Delosts filed a complaint in the Mahoning County Court of Common Pleas alleging that the removal of the trees constituted trespass, conversion, breach of contract, and reckless destruction of vegetation in violation of R.C. 901.51. The trial court granted summary judgment to the defendants on all counts. We agree that summary judgment in favor of Ohio Edison and Penn Line was appropriate, and the judgment of the trial court is affirmed.

{¶2} In the present appeal, it is clear that the Delosts are trying to relitigate the same issue they unsuccessfully argued in *Delost v. First Energy Corp.*, 7th Dist. No. 07 MA 194, 2008-Ohio-3086, aff'd 123 Ohio St.3d 113, 2009-Ohio-4305, 914 N.E.2d 392 (*Delost I*). Although *Delost I* began as a complaint for injunctive relief, one of the main issues in dispute was the scope of Ohio Edison's easement. In *Delost I* it was determined that their easement allowed Ohio Edison to trim or to completely remove trees within the easement, and that any further issues surrounding Ohio Edison's vegetation management policies and practices within the scope of the easement are matters for the Public Utility Commission of Ohio ("PUCO") to decide.

**{¶3}** In the instant case, all four causes of action in the Delosts' complaint are fundamentally based on the same premise as the request for injunctive relief found in *Delost I*: that Ohio Edison's easement did not grant Ohio Edison or its agents permission to completely cut down trees within the easement. However, we have previously ruled on this in *Delost I* when we stated "we find that the determination of whether Ohio Edison can cut down the vegetation within the easement on the DeLosts' property is a matter for the PUCO." *Id.* at ¶44. Since this jurisdictional issue has been decided in *Delost I*, the matter is res judicata in the instant appeal.

### Background of the Case

**{¶4}** The Delosts own real property located at 130 and 140 Lakeshore Drive in Struthers, Mahoning County, Ohio. Ohio Edison owns a public utility transmission easement over a portion of that property. In 2006, the Delosts filed a lawsuit in the Mahoning County Court of Common Pleas seeking to enjoin Ohio Edison from clearing trees within the transmission easement. The trial court dismissed the complaint on the grounds that the PUCO, rather than the court of common pleas, had exclusive jurisdiction over the right to control vegetation in a transmission easement.

**{¶5}** On appeal, we determined that R.C. 4901.1 et seq. conveys exclusive jurisdiction to the PUCO over public utility service-related matters such as vegetation management and tree removal within service easements. *Delost I* at ¶40. We further held that the Delosts were essentially challenging the vegetation management policy of Ohio Edison as it applied to their easement, and as such, the matter fell

under the exclusive jurisdiction of the PUCO to decide, rather than the court of common pleas. *Id.* at ¶44. As part of our Opinion, we certified a conflict with the holding of *Corrigan v. Illuminating Co.*, 175 Ohio App.3d 360, 2008-Ohio-684, 887 N.E.2d 363 (8th Dist.). Our Opinion in *Delost I* was released on June 17, 2008, and no immediate motion for stay of the judgment was sought by the Delosts, nor was an immediate appeal to the Ohio Supreme Court filed.

{¶6} Shortly after we ruled in *Delost I*, Ohio Edison and Penn Line removed the trees within the easement. The Delosts then filed a motion with this Court seeking a stay of our judgment in *Delost I*. A two-week stay was granted. On July 9, 2008, the Delosts filed a notice of certified conflict with the Ohio Supreme Court pursuant to S.Ct.Prac.R. 4.1, and a further stay of our decision in *Delost I* was granted.

{¶7} On July 14, 2008, the Delosts filed a multi-count lawsuit in the Mahoning County Court of Common Pleas asking for $10 million in punitive damages. The Delosts later amended the complaint to allege trespass, conversion, violation of R.C. 901.51, and breach of contract.

{¶8} On July 30, 2009, the Delosts filed a complaint against Ohio Edison with the PUCO. (8/26/09 Notice of PUCO filing.)

{¶9} On June 4, 2009, the Ohio Supreme Court reversed the decision of the Eighth District Court of Appeals in *Corrigan*, relying in large part on our Opinion in *Delost I*. *See Corrigan v. Illum. Co.*, 122 Ohio St.3d 265, 2009-Ohio-2524, 910 N.E.2d 1009. On September 1, 2009, the Ohio Supreme Court affirmed the

judgment in favor of Ohio Edison in *Delost I*. The summary opinion simply referred to the analysis in *Corrigan*. *Corrigan* held that the easement "grants the company the right to remove any tree within the easement that could pose a threat to the transmission lines," and that the PUCO had exclusive jurisdiction over the fundamental dispute in the case, which was the power company's decision to remove, rather than trim, trees within the easement. *Id.* at ¶19-20.

**{¶10}** On December 1, 2009, Appellees filed a motion for summary judgment in this instant action. The motion was heard by the magistrate assigned to the case. The magistrate concluded that the court had no jurisdiction over the claims against Ohio Edison for conversion and reckless destruction of vegetation because those claims were nothing more than an attack against the vegetation management policy of the utility, which is under the jurisdiction of the PUCO, as had been resolved in *Delost I*. The magistrate determined that it had jurisdiction over the breach of contract and trespass claims against Ohio Edison, and over all the claims against Penn Line, which is not a public utility. The magistrate ruled in favor of Ohio Edison and Penn Line on all these claims.

**{¶11}** Appellants filed objections to the magistrate's decision. In reviewing the objections, the trial court determined that it had jurisdiction over all the claims against both defendants because they were pure contract and tort claims, and thus, fell outside of the jurisdiction of the PUCO. The trial court then overruled the objections and granted summary judgment to Appellees on all claims on the grounds that Ohio Edison had a proper easement to remove the trees, and because a landowner has

no right to damages for removal of trees within a proper utility easement. The court filed its judgment on October 14, 2010, leading to this appeal.

### ASSIGNMENT OF ERROR

The trial court erred when it granted Defendants-Appellees' Motion for Summary Judgment without considering all the evidence in the record. (R. 72, Judgment Entry dated October 14, 2010).

**{¶12}** The Delosts challenge the decision to grant summary judgment to the defendants in this case. An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court as set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). When a court considers a motion for summary judgment, the facts must be taken in the light most favorable to the nonmoving party. *Id.*

**{¶13}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the

nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has the reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, in the face of a properly supported motion for summary judgment, the nonmoving party must produce some evidence that suggests that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

{¶14} The trial court in this case concluded that Appellant's four claims against Ohio Edison and Penn Line sounded in pure contract and tort law, and thus did not fall under the exclusive jurisdiction of the PUCO as had been the case in *Delost I*. It is true, as stated by the trial court, that the broad jurisdiction of PUCO over service-related matters does not affect "the basic jurisdiction of the court of common pleas * * * in other areas of possible claims against utilities, including pure tort and contract claims." *State ex rel. Ohio Edison Co. v. Shaker*, 68 Ohio St.3d 209, 211, 625 N.E.2d 608 (1994). Nevertheless, creative pleading of tort and contract claims does not confer jurisdiction to the court of common pleas if the real elements of the claims remain under the purview of the PUCO. *Delost I* at ¶21.

{¶15} The trial court proceeded to rule on the four claims in this case: breach of contract, trespass, conversion and violation of R.C. 901.51. Closer inspection of the actual claims and assertions made in the Delosts' complaint and arguments on appeal reveals that the Delosts are attempting to relitigate the central issue that was determined in *Delost I*, namely, the vegetation management decisions of Ohio Edison

as applied to the transmission easement. What was decided in *Delost I* was that the easement allowed Ohio Edison to cut down trees within the easement, and that any further issues regarding the vegetation management policies of Ohio Edison fell to the jurisdiction of the PUCO. Since review of summary judgment is de novo, a reviewing court may affirm the trial court's judgment for reasons that are different from those used by the trial court. *Cordray v. Internatl. Prep. School*, 128 Ohio St.3d 50, 2010-Ohio-6136, 941 N.E.2d 1170, ¶31.

{¶16} The reason the PUCO has exclusive jurisdiction over vegetation management issues is explained at length in *Corrigan*. R.C. 4901.01 et seq. gives the PUCO exclusive jurisdiction to hear complaints filed against public utilities regarding a broad range of subjects including vegetation management decisions. *Id.* at ¶8. This jurisdiction " 'is so complete, comprehensive and adequate as to warrant the conclusion that it is likewise exclusive.' " *State ex rel. N. Ohio Tel. Co. v. Winter*, 23 Ohio St.2d 6, 9, 260 N.E.2d 827 (1970), quoting *State ex rel. Ohio Bell Tel. Co. v. Cuyahoga Cty. Court of Common Pleas*, 128 Ohio St. 553, 557, 192 N.E. 787 (1934).

{¶17} The Ohio Supreme Court has adopted a two-part test from *Pacific Indemn. Ins. Co. v. Illum. Co.*, 8th Dist. No. 82074, 2003-Ohio-3954, to determine whether the PUCO has exclusive jurisdiction over an action: first, is the PUCO's administrative expertise required to resolve the issue in dispute; second, does the act complained of constitute a practice normally authorized by the utility? If the answer to either question is in the negative, the claim is not within the PUCO's exclusive jurisdiction. *Allstate Ins. Co. v. Cleveland Elec. Illum. Co.*, 119 Ohio St.3d 301, 2008-

Ohio-3917, 893 N.E.2d 824, ¶12-13. By affirming our decision in *Delost I* on the basis of its decision in *Corrigan*, the Ohio Supreme Court has made it clear that vegetation management, including tree cutting, within the Delosts' easement satisfies the *Pacific Indemn. Ins. Co.* test and is to be determined under the exclusive jurisdiction of the PUCO.

{¶18} As noted earlier, a court is not limited by the allegations in the complaint in determining the true substance of the complaint. *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953, ¶19. A court must review the substance of the claims to determine if service-related issues are involved. *Id.* at ¶20-21. "In other words, '[c]asting the allegations in the complaint to sound in tort or contract is not sufficient to confer jurisdiction upon a trial court' when the basic claim is one that the commission has exclusive jurisdiction to resolve." *State ex rel. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas*, 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92, ¶21, quoting *Higgins v. Columbia Gas of Ohio, Inc.*, 136 Ohio App.3d 198, 202, 736 N.E.2d 92 (7th Dist.2000).

{¶19} It is plain that the breach of contract claim in this appeal is nothing more than a rehashing of the dispute in *Delost I*. The Delosts' argument in the instant appeal requires an identical analysis, but asks us to reach a different outcome, than the Ohio Supreme Court reached in *Delost I* and *Corrigan*. A court of appeals cannot simply disregard the prior holdings and mandates of the higher court. "Ohio appellate courts are inferior in judicial authority to the Ohio Supreme Court. Therefore, they are bound by the Supreme Court's decisions * * *." *State v. Howard*, 7th Dist. No. 08

MA 121, 2009-Ohio-6398, ¶49. In order to rule in Appellants' favor, we would need to disregard the holding of *Delost I* and *Corrigan* regarding the interpretation of the easement language and the exclusive jurisdiction of the PUCO.

**{¶20}** The doctrine of res judicata consists of two related concepts; claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). Claim preclusion is where a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998). Issue preclusion involves the principle that a fact or a point that was actually and directly at issue in a previous action and was determined by a court of competent jurisdiction may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions is identical or different. *Id.*

**{¶21}** Issue preclusion bars the Delosts from relitigating the issue as to whether Ohio Edison has the right to cut down trees in the easement, and whether any further vegetation management questions belong under the jurisdiction of the PUCO. The Delosts are not alleging that Ohio Edison or Penn Lines engaged in any activity outside of the easement. They allege simply that Ohio Edison and Penn Lines entered the easement, cut down trees, and left the easement. Appellants contend that Ohio Edison, as a matter of policy or practice, could only cut down trees

as a last resort when the trees were actually interfering with transmission lines. This clearly calls into question the realm of vegetation management, just as in *Delost I*, and only the PUCO can address the question. The Delosts filed a complaint with the PUCO on July 30, 2009, and they are free to raise these issues in that forum. (See 8/26/09 Notice of PUCO filing.)

**{¶22}** It is also apparent that the Delosts' remaining three claims (trespass, conversion and violation of R.C. 901.51) are also dependent on the resolution of the vegetation management question regarding removing trees instead of trimming them. The first claim is that of trespass. "A 'trespasser' may be defined as one who unauthorizedly goes upon the private premises of another without invitation or inducement, express or implied, but purely for his own purposes or convenience; and where no mutuality of interest exists between him and the owner or occupant." *Keesecker v. G.M. McKelvey Co.*, 141 Ohio St. 162, 166, 47 N.E.2d 211 (1943). In their trespass claim the Delosts allege that the trees did not pose any threat to service, and for that reason, Ohio Edison did not have permission to enter the property to remove the trees. Appellants cannot prove trespass without resolving the vegetation management issue. Thus, it is not a pure tort claim. The trial court properly dismissed the trespass claim.

**{¶23}** The conversion claim also depends on resolution of the vegetation management question. "Conversion" is defined as the "wrongful exercise of dominion over property in exclusion of the right of the owner, or withholding it from his possession under a claim inconsistent with his rights." *Northway McGuffey*

*College v. Brienza*, 7th Dist. No. 07 MA 145, 2008-Ohio-6207, ¶35, quoting *Zacchini v. Scripps-Howard Broadcasting Co.*, 47 Ohio St.2d 224, 226, 351 N.E.2d 454 (1976). A conversion claim arising from the removal of vegetation from within a lawful utility easement falls under the jurisdiction of the PUCO. *Schad v. Ohio Edison Co.*, 5th Dist. No. 09-COA-024, 2010-Ohio-585, referencing *Corrigan*.

**{¶24}** Finally, there is the alleged violation of R.C. 901.51, which states: "No person, without privilege to do so, shall recklessly cut down, destroy, girdle, or otherwise injure a vine, bush, shrub, sapling, tree, or crop standing or growing on the land of another or upon public land." Since the existence of a privilege is a defense to this statute, and because the privilege involves Ohio Edison's vegetation management decision to cut down rather than trim trees in the easement, this matter also must be determined by the PUCO, and does not fall under the jurisdiction of the court of common pleas. As the trial court correctly pointed out, Appellants were not entitled to any compensation for the removal of trees as part of Ohio Edison's operations within the scope of its easement. *Rueckel v. Texas Eastern Transmission Corp.*, 3 Ohio App.3d 153, 158-159, 444 N.E.2d 77 (5th Dist.1981) (landowner is not entitled to any further compensation for removal of trees interfering with the use of a pipeline easement). Thus, even if the court of common pleas did have jurisdiction over the claim, no relief was available.

**{¶25}** Summary judgment was also proper in favor of Penn Line, even though Penn Line is not a public utility. Penn Line performs tree-trimming and vegetation management services for Ohio Edison. Under any theory of liability against Penn

Line, whether as an agent of Ohio Edison or as an independent contractor, Penn Line may rely on rights granted by the easement to Ohio Edison as a defense to liability. Since Appellants cannot prove any liability of Ohio Edison (at least not in the court of common pleas at this time), they cannot prevail against an agent or independent contractor performing tree removal services on behalf of Ohio Edison. Once again, the authority granted by the easement to cut down trees has already been determined in *Delost I* and the issue is res judicata in this case.

{¶26} Finally, the Delosts present arguments regarding their concern that Appellees violated some type of continuing stay of this Court's judgment in *Delost I* when they cut down the trees on July 1, 2008. As far as can be determined from the record, the Delosts had not filed a direct appeal or notice of certified conflict with the Ohio Supreme Court by that date, nor had they filed any action with the PUCO or taken any further action with the court of common pleas. Since we already certified a conflict in the *Delost I* Opinion itself, the Delosts were free to file a notice of certified conflict as of the date our Opinion was released, June 17, 2008. In the process, they could have attempted to obtain a stay of execution from the Ohio Supreme Court. They did not do this. They could have also attempted to obtain an immediate stay from this Court under App.R. 27, but this was not done by July 1, 2008. Thus, on July 1, 2008, there was nothing to prevent Ohio Edison from entering the easement on the Delosts' property and performing vegetation management services.

{¶27} The Delosts themselves apparently acknowledge there was no enforceable stay of execution in effect on July 1, 2008, because they came to us on

that date and filed a motion for stay of our June 17, 2008, judgment, rather than a motion to enforce an existing or previous stay. If there had already been a stay in effect, a new request would not have been necessary.

**{¶28}** Once a court of appeals issues a ruling, the parties may act on it immediately. Even the filing of a notice of appeal to the Ohio Supreme Court does not generally give rise to any type of automatic stay of a judgment from a court of appeals. The non-prevailing party in an appeal must either file a motion for stay in the court of appeals under App.R. 27, or seek a stay in Ohio Supreme Court pursuant to S.Ct.Prac.R. 2.2(A)(3)(a), after filing a further appeal to that Court. The Delosts took no action prior to July 1, 2008, so Ohio Edison was not violating any stay of execution when it cut the trees down on July 1, 2008.

**{¶29}** Based on all of the reasons stated above, and primarily on the Ohio Supreme Court's previous rulings in *Delost I* and *Corrigan*, we overrule all of Appellants' arguments in this appeal. The common thread in all four of the Delosts' claims is that Ohio Edison, and by extension, Penn Line, violated the scope of the transmission easement by cutting down, rather than trimming, trees in the utility easement. Since the broad scope of the easement was previously determined, the only remaining question about Ohio Edison's decision to cut down rather than trim trees is a vegetation management question and falls under the exclusive jurisdiction of the PUCO to determine. Appellants did not provide any evidence that Penn Line acted contrary to the vegetation management policies of Ohio Edison, and summary judgment in favor of Penn Line was proper. Because we have overruled all of

Appellants' arguments, we hereby affirm the judgment of the trial court in favor of Ohio Edison and Penn Line on all claims.

Vukovich, J., concurs.

DeGenaro, J., concurs.