[Cite as *State v. Wilson*, 2016-Ohio-7650.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0057** |
| PHYLLIS J. WILSON, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CR 00327.

Judgment: Affirmed.


*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Phyllis J. Wilson, appeals the restitution order imposed following her conviction for theft in office, a third-degree felony under R.C. 2921.41(A)(1). She contends that the trial court erred in ordering her to forfeit her entire monthly retirement check and find new employment based on a lack of evidence concerning her ability to pay restitution. We affirm.

{¶2}    Appellant was employed by the City of Niles for approximately twenty-five years.  Near the end of employment, she had access to a significant amount of city funds which she was required to deposit into various bank accounts.  Over a sustained period of time, appellant took funds from the city and failed to deposit them.  She ultimately lost the money gambling in local casinos.  She took $142,272 of government funds.

{¶3}    Unable to control her gambling addiction, appellant chose to take an early retirement so that she would not be tempted to take additional funds.  Nevertheless, the deficit in the city funds was subsequently discovered in a state audit.  When confronted with the discrepancy between the amount of funds she received and the amount deposited, she admitted taking the money.  In April 2014, she was indicted on one count of theft in office under R.C. 2921.41(A)(1).  The indictment alleged that appellant, as a public official or party official, had employed her office in aid in the commission of a theft offense.

{¶4}    Appellant ultimately agreed to enter a guilty plea to the sole count in the indictment.  The plea agreement contained a statement that the state would seek a restitution order for the entire amount taken and a garnishment order for the entire monthly sum appellant received from the state retirement fund.  After holding a separate plea hearing and accepting the guilty plea, the trial court found her guilty of theft in office and ordered a presentencing investigation.

{¶5}    At sentencing, appellant expressed her remorse for the crime, and stated that she had sought help for her addiction and had not gambled for over a year.  She requested no prison because she was taking care of her elderly parents.  As to

2

restitution, defense counsel noted that, even with her monthly retirement check of approximately $1,100, appellant was already indigent. In response, the state maintained that the seriousness of the crime warranted a prison term, and that even if appellant were given a community control sanction for five years and ordered to forfeit her retirement checks during that time period, it would only cover half of the stolen funds. The state further noted that there was nothing to indicate that appellant was unable to find new employment.

{¶6} At the end of the hearing and in its final judgment, the trial court sentenced appellant to five years of community control. Additionally, the trial court sentenced her to pay restitution for the entire sum she stole from the city. To accomplish that, the court ordered forfeiture of her entire monthly retirement check until the restitution is fully paid, and to find and maintain new employment.

{¶7} On appeal, appellant asserts one assignment of error.

{¶8} "The trial court erred, both as a matter of law and as an abuse of discretion, in ordering that the appellant 'forfeit' her entire monthly income from the Public Employees Retirement System."

{¶9} In maintaining that she should not be required to forfeit her entire monthly retirement check, appellant claims that, prior to issuing its restitution order, the trial court failed to consider whether she was truly able to pay the total amount owed. Essentially, she argues that if the trial court had considered her age, that she was already retired, and that she was indigent even when receiving the monthly check, the court should have found that she was entitled to retain at least a portion of her monthly check.

{¶10} Appellant relies upon R.C. 2929.19(B)(6), which generally states that a

3

trial court must consider a defendant's present and future ability to pay restitution before imposing such a requirement.  However, appellant fails to acknowledge that the theft in office statute, R.C. 2921.41, contains a specific provision governing the payment of restitution in cases involving theft by a either public official or party official.  Division (C)(2)(a) of the statute provides:

{¶11} "A court that imposes sentence for a violation of this section based on conduct described in (A)(2) of this section shall *require* the public official or party official who is convicted of or pleads guilty to the offense to make restitution for all of the property or the service that is the subject of the offense, in addition to the term of imprisonment and any fine imposed.  A court that imposes sentence for a violation of this section based on conduct described in division (A)(1) of this section and that determines at trial that this state or a political subdivision of this state if the offender is a public official, or a political party in the United States or this state if the offender is a party official, suffered actual loss as a result of the offense shall *require* the offender to make restitution to the state, political subdivision, or political party for all of the actual loss experienced, in addition to the term of imprisonment and any fine imposed." (Emphasis added.)

{¶12} In applying this provision, the Second Appellate District has emphasized that the statutory language does not merely allow a trial court to order restitution when the circumstances so dictate, but instead expressly mandates that such an order must be made.  *State v. Hupp.* 2d Dist. Clark No. 2009-CA-43, 2010-Ohio-2136, ¶39.  The provision further mandates that the restitution order cover *all* of the actual loss resulting from the offense.  To this extent, R.C. 2921.41(C)(2)(a) is mandatory while R.C.

4

2929.18(A)(1) is discretionary. The distinction between the statues is based upon the well-settled public policy that a public official should always be held accountable for the loss of any public funds under her control. *See State v. Burns*, Lucas Cty. C.P. No. CR 201002476, 2011 Ohio Misc. LEXIS 13464, *22-23, quoting *Cordray v. Int'l Preparatory School*, 128 Ohio St.3d 50, 2010-Ohio-6136.

{¶13} Given the mandatory language of R.C. 2921.41(C)(2)(a), the trial court did not have discretion in relation to the payment of restitution; instead, the court was obligated to order appellant to pay restitution for all of the funds she stole from the city. Furthermore, the trial court had the authority to order that appellant's retirement payments be withheld and paid to the city as part of the restitution, so long as appellant did not demonstrate good cause. R.C. 2921.41(C)(2)(b)(i) and (ii). Our review of the record shows that appellant did not carry this burden.

{¶14} As noted above, in conjunction with its restitution order, the trial court also ordered appellant to obtain and maintain new employment. The purpose of this second order was to require appellant to have a separate income so that she could both sustain herself and make additional restitution payments. In turn, the order had to be based on an underlying finding that appellant was able to work a steady job.

{¶15} During sentencing, neither side presented evidence regarding appellant's present ability to work. However, ability to work determinations can be based upon information in the PSI report, such as age, health, education, and employment history. *See State v. Rose*, 2d Dist. Montgomery No. 24196, 2011-Ohio-3616, ¶19; *State v. Henderson*, 4th Dist. Vinton No. 07CA659, 2008-Ohio-2063, ¶7.

{¶16} Appellant's PSI report contained the following relevant information: (1) she

5

was only 62 years old at the time of sentencing; (2) she had a high school diploma; (3) even though she suffered from severe depression and asthma, her physical health was fair; and (4) she was able to retain her job with the City of Niles for approximately twenty-five years. Regarding the reason for the termination of her employment, there is no indication that appellant had to quit because of physical problems. Instead, she chose to quit as a direct result of a gambling addiction, which she reported as now under control.

{¶17} Considered as a whole, the materials before the trial court were sufficient to warrant a finding that appellant was able to work full-time and earn funds to sustain herself. Moreover, appellant did not carry her burden under R.C. 2921.41(C)(2)(b) of stating good cause to justify allowing her to continue to receive her monthly retirement benefits. Accordingly, the trial court did not abuse its discretion in ordering appellant to pay restitution in the sum of $142,272, ordering the forfeiture of her monthly retirement checks, and ordering her to obtain and maintain new employment

{¶18} Appellant's sole assignment of error lacks merit. The judgment of the trial court is hereby affirmed.


TIMOTHY P. CANNON, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.

6