[Cite as *Christy v. Haselberger*, 2017-Ohio-4360.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| GREGORY J. CHRISTY, ET AL., | ) | |
| | ) | |
| PLAINTIFFS-APPELLANTS/ | ) | |
| CROSS-APPELLEES, | ) | CASE NO. 14 MO 0013 |
| | ) | |
| V. | ) | OPINION |
| | ) | |
| KATHERINE HASELBERGER, ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES/ | ) | |
| CROSS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common Pleas of Monroe County, Ohio Case No. 2013-085

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiffs-Appellants    Attorney James Huggins
Attorney Kristopher Justice
Attorney Daniel Corcoran
424 Second Street
Marietta, Ohio 45750

For Defendants-Appellees    Attorney Charles Bean
P.O. Box 96
St. Clairsville, Ohio 43950

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: June 16, 2017

DONOFRIO, J.

{¶1} Plaintiffs-appellants/cross-appellees, Gregory and Carol Christy, appeal from a Monroe County Common Pleas Court judgment granting summary judgment in favor of defendants-appellees/cross-appellants, Katherine Haselberger, Charlotte McCoy, and John Christman (the Haselberger defendants), and determining that the Haselberger defendants are the owners of oil and gas rights underlying certain property in Monroe County.

{¶2} On April 22, 1946, Nova and Dollie Christman conveyed a certain tract of property located in Summit Township, Monroe County to John Heft (the Property). The Reservation Deed reflected this transaction and provided:

But expressly excepting and reserving from the above conveyance all the oil, gas and their constituents, and also mineral rights, together with the exclusive right to mine, drill or operate for the same, including the complete and absolute leasing rights with the right to enter on said premises at any time for the purpose of developing, removing and mining oil, gas and their constituents, and also minerals. However, reasonable damages caused by drilling or moving equipment on or off said premises above described shall be paid to the owner or owners of the premises above described. (The oil and mining rights stipulated in this paragraph being reserved by former grantors.)

{¶3} The Christies have owned the Property since August 11, 1994. Prior to the Christies' ownership, the Property was owned by Carol Christy's parents.

{¶4} In 1989, Nova and Dollie Christman leased the oil and gas rights for all formations down to 4,000 feet (the shallow rights) and reserved the rights to all formations below that depth (the deep rights). This was pursuant to the Christman-Gadd Lease.

{¶5} The Haselberger defendants are the heirs of Nova and Dollie Christman.

{¶6} On January 24, 2013, the Christies recorded an affidavit of abandonment regarding the oil and gas interest underlying the Property and stating

that they, as the surface owners, were now the owners of the oil and gas interest.

**{¶7}** On March 6, 2013, the Christies filed a complaint to quiet title and for declaratory judgment that, pursuant to the 1989 Ohio Dormant Mineral Act (ODMA), they are the rightful owners of the deep rights in the oil and gas interest underlying the Property. The Haselberger defendants filed an answer and counterclaim seeking to quiet title in their favor.

**{¶8}** The parties next filed competing motions for summary judgment.

**{¶9}** The Christies argued that pursuant to the 1989 ODMA, the oil and gas interest at issue was deemed abandoned and vested in them as the surface owners. They limited their motion to the oil and gas rights from 4,000 feet below the surface to the center of the earth (deep rights). They asserted no savings events occurred under the statute during the applicable 20-year lookback period that would have prevented the automatic vesting.

**{¶10}** The Haselberger defendants argued that there were 18 different title transactions that constituted savings events, which precluded the oil and gas rights from automatically vesting with the surface owners. They further argued that the 2006 ODMA, not the 1989 ODMA, applied to this case. Nonetheless, they argued that they would prevail under either version of the ODMA.

**{¶11}** In ruling on the summary judgment motions, the trial court applied the 1989 ODMA. It stated that the 1989 ODMA was self-executing and a mineral interest is deemed abandoned and vested in the surface owner if no statutory savings events have occurred within the statutory 20-year lookback period. The trial court found that only one of the 18 alleged title transactions raised by the Haselberger defendants was a savings event within the meaning of the 1989 ODMA. The court found that the "1989 Christman-Gadd Lease" was a title transaction and, thereby a savings event under the 1989 ODMA, which preserved the Haselberger defendants' oil and gas interest underlying the Property. Therefore, the trial court granted the Haselberger defendants' motion for summary judgment.

**{¶12}** The Christies filed a timely notice of appeal on September 5, 2014. The Haselberger defendants then filed a timely notice of cross-appeal.

{¶13} This court held the appeal in abeyance pending the Ohio Supreme Court's decisions in several oil and gas cases. This case is now ready for review.

{¶14} The Christies raise a single assignment of error. The Haselberger defendants raise five assignments of error.

{¶15} The Christies' assignment of error states:

THE TRIAL COURT ERRED IN GRANTING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS-APPELLANTS' MOTION FOR SUMMARY JUDGMENT.

{¶16} An appellate court reviews the granting of summary judgment de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

{¶17} A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist., 2015-Ohio-4167, 44, 44 N.E.3d 1011 N.E.3d 1011, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

{¶18} The Christies argue that under the 1989 ODMA, the deep oil and gas rights underlying the Property were deemed abandoned and vested with them as the surface owners and no savings event occurred to preclude the automatic vesting.

{¶19} Recently, in *Corban v. Chesapeake Expl., L.L.C.*, __ Ohio St.3d __,

2016-Ohio-5796, __ N.E.3d __, ¶ 26-28, the Ohio Supreme Court held that the 1989 ODMA was not self-executing and did not automatically transfer a mineral rights interest from the mineral rights holder to the surface owner by operation of law. Instead, a surface owner seeking to merge those rights with the surface estate under the 1989 ODMA was required to commence a quiet title action seeking a decree that the dormant mineral interest was deemed abandoned. *Id.* at ¶ 28.

**{¶20}** The 2006 ODMA provides that a dormant mineral interest "shall be deemed abandoned and vested in the owner of the surface of the lands subject to the interest if the requirements established in division (E) of this section are satisfied." *Id.* at ¶ 29; R.C. 5301.56(B). The Court went on to hold:

> Dormant mineral interests did not automatically pass by operation of law to the surface owner pursuant to the 1989 law. Thus, as of June 30, 2006, any surface holder seeking to claim dormant mineral rights and merge them with the surface estate is required to follow the statutory notice and recording procedures enacted in 2006 by H.B. 288. These procedures govern the manner by which mineral rights are deemed abandoned and vested in the surface holder and apply equally to claims that the mineral interests were abandoned prior to June 30, 2006.

*Id.* at ¶ 31.

**{¶21}** The Ohio Supreme Court reiterated its holding stating "the 2006 version of the Dormant Mineral Act applies to all claims asserted after 2006 alleging that the rights to oil, gas, and other minerals automatically vested in the owner of the surface estate prior to the 2006 amendments." *Walker v. Shondrick-Nau*, __ Ohio St.3d __, 2016-Ohio-5793, __ N.E.3d __, ¶ 16, citing *Corban* at ¶ 2.

**{¶22}** In this case, the Christies filed the instant lawsuit in 2013, long after the 2006 ODMA was enacted.

**{¶23}** Pursuant to *Corban*, the trial court should not have applied the 1989 ODMA in this case. Per *Corban*, the 1989 ODMA was not self-executing.

**{¶24}** Nonetheless, the trial court reached the correct judgment in this case. The court granted judgment in favor of the Haselberger defendants and against the Christies. Without the application of 1989 ODMA, this would be the same result. In other words, the only way the Christies could prevail is if the 1989 ODMA was self-executing and no savings event under the 1989 ODMA prevented the abandonment of the oil and gas rights. *Corban* made clear that the 1989 ODMA does not apply to this case. Therefore, the Christies could not prevail on their claims.

**{¶25}** The Haselberger defendants argued in the trial court that the 2006 ODMA applied to this case. Thus, they preserved their claim under the 2006 ODMA.

**{¶26}** A reviewing court may not reverse a correct judgment merely because erroneous reasons were assigned as the basis for the judgment. *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990). Stated another way, "a reviewing court may affirm the trial court's judgment for reasons that are different from those used by the trial court." *DeLost v. Ohio Edison Co.*, 7th Dist. No. 10 MA 162, 2012-Ohio-4561, ¶ 15, citing *Cordray v. Internatl. Prep. School*, 128 Ohio St.3d 50, 2010-Ohio-6136, 941 N.E.2d 1170, ¶ 31.

**{¶27}** Such is the case here. We must affirm the trial court's judgment, but for reasons other than those used by the trial court. The 2006 ODMA applies to this case, not the 1989 ODMA. The Christies did not take the necessary steps under the 2006 ODMA to attempt to have the oil and gas interest declared abandoned and vested in them. Therefore, summary judgment in favor of the Haselberger defendants is proper.

**{¶28}** Accordingly, the Christies' sole assignment of error is without merit and is hereby overruled.

**{¶29}** The Haselberger defendants raise five assignments of error that assert various other reasons for affirming the trial court's judgment.

**{¶30}** The Haselberger defendants' assignments of error state:

THE COURT BELOW ERRED IN HOLDING THAT THE 1989 OHIO DORMANT MINERAL ACT HAD A "ROLLING 20 YEAR"

LOOKBACK PERIOD AND NOT A FIXED 20 YEAR LOOK BACK PERIOD.

THE COURT BELOW ERRED IN HOLDING THAT THE 1989 OHIO DORMANT MINERAL ACT WAS NOT SUPERCEDED [sic] BY THE 2006 OHIO DORMANT MINERAL ACT AND ANY ACTIONS FILED AFTER MARCH 30, 2006 WERE CONTROLLED BY THE 2006 DORMANT MINERAL ACT.

THE COURT BELOW ERRED IN HOLDING THAT THE 1989 OHIO DORMANT MINERAL ACT HAD AN AUTOMATIC FORFEITURE PROVISION.

THE COURT ERRED BELOW IN NOT CONSIDERING ALL EIGHTEEN (18) TITLE TRANSACTIONS AS VALID TITLE TRANSACTIONS AS ALLEGED BY APPELLEES/CROSS-APPELLANTS AND BY LIMITING THE TIME PERIOD FOR SAID TITLE TRANSACTIONS TO THE TIME PERIOD OF 1986 TO 2006.

THE COURT BELOW ERRED IN NOT FINDING THE 1989 OHIO DORMANT MINERAL ACT UNCONSTITUTIONAL.

**{¶31}** Based on the resolution of the Christies' assignment of error, the Haselberger defendants' five assignments of error are rendered moot.

**{¶32}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

DeGenaro, J., concurs.