[Cite as *Robinson v. Vehicle Acceptance Corp.*, 2017-Ohio-6886.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105006

---

# ROSALIND ROBINSON

### PLAINTIFF-APPELLANT

vs.

# VEHICLE ACCEPTANCE CORPORATION

### DEFENDANT-APPELLEE

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-861756

**BEFORE:** Keough, A.J., S. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** July 20, 2017

**ATTORNEY FOR APPELLANT**

Michael L. Fine
3684 Silsby Road
University Heights, Ohio 44118


**ATTORNEY FOR APPELLEE**

Charley Hess
Hess Law Office
Brickstone Commons
4230 Tuller Road, Suite 100
Dublin, Ohio 43017

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Plaintiff-appellant, Rosalind Robinson ("Robinson"), appeals from the trial court's judgment denying her motion for summary judgment and granting the motion for summary judgment of defendant-appellee, Vehicle Acceptance Corporation ("VAC"). Finding no merit to the appeal, we affirm.

## I. Background

{¶2} VAC loans money to retail vehicle sellers in exchange for an assignment of a certain number of payments due under the buyer's promissory note or retail installment sales contract. It takes a secondary lien on the vehicle, subordinate to the first lien of the seller, that is extinguished when it has received the requisite number of payments.

{¶3} On August 14, 2013, Robinson purchased a used 2001 Ford Windstar from Westside Car Connection ("Westside"). Because VAC had loaned money to Westside, it took an assignment of a number of payments due from Robinson under Robinson's installment contact with Westside. VAC took physical possession of the title to Robinson's vehicle, and sent a written notice of assignment to Robinson that payments should be sent to VAC until further notice from VAC that the requisite payments under the assignment had been made. As required by the assignment, Robinson made payments to VAC.

{¶4} In April 2014, VAC sought injunctive relief against Westside and its owners, Lon Brown and Silvia Malave, in the Cuyahoga County Common Pleas Court. On September 3, 2014, the common pleas court entered judgment in favor of VAC and

issued an order enjoining Westside, Brown, and Malave from (1) contacting VAC's customers and threatening repossession of the customers' vehicle, and (2) actually repossessing the customers' vehicles should the customers pay VAC instead of Westside. *Vehicle Acceptance Corp. v Westside Car Connection, L.L.C.*, Cuyahoga C.P. No. CV-14-824842.

{¶5} Nevertheless, in October 2014, Robinson received a call from Brown. According to Robinson's affidavit attached to her brief in opposition to VAC's motion for summary judgment, Brown told her that she should stop paying VAC and start making payments to Westside. In response, Robinson called VAC. In her affidavit, she avers that VAC advised her that it had a lien on the title to her vehicle; payments made to Westside would not be credited to her account; VAC would report her account as delinquent to the three major credit bureaus should she not pay; and failure to pay might result in repossession of her vehicle. In light of this conversation, Robinson continued to make payments to VAC.

{¶6} Unknown to VAC and Robinson, in March 2014, Westside applied for and unlawfully obtained a fraudulent title to Robinson's vehicle. Subsequently, on February 24, 2015, Westside repossessed Robinson's vehicle. Westside then sold the vehicle as "junk" without providing the statutorily required notices of sale or sharing any proceeds from the sale with Robinson.

{¶7} Robinson filed suit against VAC, alleging violations of Ohio's Consumer Sales Practices Act and fraud related to her October 2014 conversation with VAC, and

unjust enrichment relating to VAC's allegedly "wrongful acquisition and retention" of her money. Robinson alleged that VAC was liable because Westside repossessed her vehicle as a result of "her failure to properly pay Westside in her reliance on the directives and representations of Westside."

{¶8} Both VAC and Robinson filed motions for summary judgment. In its motion, VAC asserted there were no genuine issues of material fact that Westside stole Robinson's vehicle when it repossessed it on February 24, 2015, and it was not liable for Westside's criminal act. It argued further that Westside's repossession of Robinson's vehicle was a direct civil violation of the court's order in C.P. CV-14-824842.

{¶9} In her motion for summary judgment, Robinson argued that she was entitled to summary judgment because VAC's misrepresentations to her during the October 2014 telephone conversation were "demonstrably false," "which ultimately caused her to lose her van." Robinson requested that the court grant summary judgment to her regarding VAC's liability and set the matter for a hearing on damages.

{¶10} The trial court subsequently granted VAC's motion and dismissed the case with prejudice. It found that Westside was an "indispensable party" to the lawsuit, and because Robinson had not sued Westside, she was "unable to demonstrate defendant's liability for Westlake [sic] Car Connection L.L.C.'s wrongful acts." This appeal followed.

## II. Law and Analysis

### A. Standard of Review

{¶11} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

{¶12} The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Id.* After the moving party has satisfied this initial burden, the nonmoving party has a reciprocal duty to set forth specific facts by the means listed in Civ.R.56(C) showing that there is a genuine issue of material fact. *Id.*

## B.   Was summary judgment properly granted to VAC?

{¶13} Under Civ.R. 19, a person shall be joined as a party in an action if (1) in his absence, complete relief cannot be accorded among the parties, or (2) he claims an interest relating to the subject matter of the action and his absence would impede his ability to protect that interest or leave any of the persons already parties to the action subject to a substantial risk of incurring multiple or inconsistent obligations due to his

claimed interest, or he has an interest in the subject matter of the action as an assignor, assignee, subroger, or subrogee.

{¶14} In her first assignment of error, Robinson contends that the trial court erred in granting summary judgment to VAC on the basis that she had failed to join an indispensable party, namely Westside. Robinson contends that "whether Westside acted wrongfully or rightly is irrelevant to the question of determining VAC's liability" because her claims "are based wholly on VAC's conduct, on the demonstrable fact that VAC lied to her and on the proposition that it can be held accountable for that conduct." VAC likewise argues that the presence of Westside in the case is unnecessary because its "non-liability is totally independent of Westside."

{¶15} We agree with the parties that, as discussed below, the parties' motions for summary judgment can be resolved without Westside's joinder in the case. Moreover, under the civil rules, the absence of a necessary party alone would not justify the dismissal of an action. "'Ohio courts have eschewed the harsh result of dismissing an action because an indispensable party was not joined, electing instead to order that the party be joined pursuant to Civ.R. 19(A) * * * or that leave to amend the complaint be granted.'" *Stevenson v. Smayda*, 8th Dist. Cuyahoga No. 78602, 2001 Ohio App. LEXIS 1158, *6 (Mar. 15, 2001), quoting *Plumbers & Steamfitters Local Union 83 v. Union Local School Dist. Bd. of Edn.*, 86 Ohio St.3d 318, 715 N.E.2d 127 (1999). Accordingly, the trial court erred in granting VAC's motion for summary judgment and dismissing the case based solely on Robinson's failure to join Westside.

**{¶16}** Nevertheless, in considering a trial court's decision regarding summary judgment, an appellate court affords no deference to the trial court's decision and independently reviews the record to determine whether summary judgment is appropriate. *EverStaff, L.L.C. v. Sansai Environmental Technologies, L.L.C.*, 8th Dist. Cuyahoga No. 96108, 2011-Ohio-4824, ¶ 10. Because review of summary judgment is de novo, a reviewing court may affirm a trial court's decision for different reasons. *Mosley v. Cuyahoga Cty. Bd. of Mental Retardation*, 8th Dist. Cuyahoga No. 96070, 2011-Ohio-3072, ¶ 52, citing *Cordray v. Internatl. Preparatory School*, 128 Ohio St.3d 50, 2010-Ohio-6136, 941 N.E.2d 1170, ¶ 31.

**{¶17}** Robinson asserts five violations of Ohio's Consumer Sales Practices Act ("CSPA") relating to her October 2014 telephone conversation with VAC. She contends that VAC violated the CSPA by misrepresenting to her that: (1) it had an enforceable lien on the title to her vehicle; (2) it owned her account; (3) any payment to Westside would not be credited toward her account; (4) it would place a negative mark on her credit report if she did not pay VAC; and (5) it had a right to repossess her vehicle.

**{¶18}** Our review of the record, however, demonstrates that all of these statements were true. By virtue of its physical possession of the title to Robinson's vehicle, VAC had an equitable lien on the van, and the right and ability to note its lien on the face of the title if it chose to do so. Robinson's payments to VAC were required by the assignment, of which Robinson had been notified; thus, VAC did, in fact, own Robinson's account. Further, pursuant to the assignment, Westside had no right to Robinson's payments, VAC

had the right to place a negative mark on Robinson's credit report should she not pay, and VAC could, by authority of its written agreement with Westside, direct Westside to repossess her vehicle. A supplier does not violate the CSPA if it makes true statements; the Act protects against "unfair" or "deceptive" acts or practices by a supplier. R.C. 1345.02(A).

{¶19} Moreover, to recover under the CSPA for an alleged loss, the violation must be the proximate cause of the loss. *Butler v. Sterling*, 6th Cir. No. 98-3223, 2000 U.S. App. LEXIS 6419, *14 (Mar. 31, 2000) ("[T]o sustain an OCSPA claim [the disgruntled customer] must prove damages were a proximate result of the defendant's deceptive act." Under Ohio law, proximate cause is "that cause which contributes to produce the result in a natural and continued sequence, without which the asserted injury would not have happened." *Id.* at *10, citing *Segal v. Horwitz Bros.*, 32 Ohio App.1, 167 N.E. 406 (1st Dist.1929). Here, even assuming VAC's statements were misrepresentations (which they were not), any damage to Robinson was not the result of VAC's statements to her: her injuries, whether economic or noneconomic, are attributable solely to Westside's illegal repossession of her vehicle without VAC's knowledge or authorization. Because she cannot demonstrate proximate cause with regard to VAC's actions, Robinson's CSPA claim fails.

{¶20} Robinson's fraud claim fails for the same reason. Fraud requires proof of the following elements: (1) a representation or, where there is a duty to disclose, omission of a fact; (2) that is material to the transaction at hand; (3) made falsely, with knowledge

of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. *Stancik v. Deutsche Natl. Bank*, 8th Dist. Cuyahoga No. 10219, 2015-Ohio-2517, ¶ 51.

{¶21} As discussed above, Robinson's injury — the loss of her vehicle — was not caused by her continued payments to VAC in reliance upon VAC's statements to her about her account. It was caused solely by Westside's unlawful theft of her vehicle. Accordingly, there is no proximate cause to support her fraud claim, and her claim fails as a matter of law.

{¶22} Robinson's unjust enrichment claim likewise fails. The elements of an unjust enrichment claim are: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Just Like Us Family Enrichment Ctr. v. Easter*, 8th Dist. Cuyahoga No. 94180, 2010-Ohio-4893, ¶ 13.

{¶23} VAC was entitled to Robinson's payments by virtue of the assignment from Westside. The fact that Robinson no longer has her vehicle, due solely to Westside's illegal and wrongful theft of the vehicle, does not demonstrate that it would be unjust for VAC to keep the payments from Robinson that it was entitled to receive.

**{¶24}** Finally, VAC is not liable for Westside's criminal acts. It is well-established that there is no liability for the criminal actions of another absent a special relationship between the parties. *Doe v. Blaney*, 1st Dist. Hamilton No. C-950093, 1995 Ohio App. LEXIS 5765, *6 (Dec. 29, 1995), citing *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.*, 45 Ohio St.3d 171, 543 N.E.2d 769 (1989). The relationship between Westside and VAC was that of assignor and assignee, giving Westside no right to act for VAC unless directed to do so or authorized by VAC. The evidence is undisputed that VAC did not direct or authorize Westside to obtain a fraudulent title to Robinson's vehicle or to repossess it.

**{¶25}** Westside's wrongful repossession of Robinson's vehicle also violated the injunction issued by the common pleas court enjoining Westside from contacting VAC's customers and repossessing the vehicles of customers who made payments to VAC.

**{¶26}** In short, VAC is not liable to Robinson. Accordingly, we affirm the trial court's judgment, albeit for different reasons, granting summary judgment to VAC and denying Robinson's motion for summary judgment.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR