[Cite as *State ex rel. Ohio Atty. Gen. v. Burns*, 2020-Ohio-3820.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE, ex rel. OHIO ATTORNEY GENERAL | : | |
| | : | |
| | : | Appellate Case No. 28496 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2018-CV-3089 |
| v. | : | |
| | : | (Civil Appeal from Common |
| ROBERT BURNS, et al. | : | Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of July, 2020.

. . . . . . . . . . .

TODD R. MARTI, Atty. Reg. No. 0019280 and ASHLEY A. BARBONE, Atty. Reg. No. 0083666, 30 East Broad Street, 16th Floor, Columbus, Ohio 43215
      Attorneys for Plaintiff-Appellee

JANET K. COOPER, Atty. Reg. No. 0018823, 312 North Patterson Boulevard, Suite 200, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant, Robert Burns, appeals from the trial court's final order of July 12, 2019, in which the court entered summary judgment in favor of Plaintiff-appellee, the State of Ohio. Raising a single assignment of error, Burns argues that the court erred by holding that he was liable under R.C. 9.39 for the loss of public money allocated to New City Community School ("New City") for the 2009-2010 school year.

{¶ 2} We find that the trial court erred in finding Burns liable because Burns neither received the money nor had control over it. Therefore, the court's final order of July 12, 2019, is reversed, and this case is remanded to the court for entry of judgment in Burns's favor.

## I. Facts and Procedural History

{¶ 3} In an undated contract presumably executed on or before August 1, 2009 (the "Contract"), New City engaged Burns to be its chief executive officer, with the title "Director," for the period running from August 1, 2009, until June 30, 2010. Affidavit of Robert Burns ¶ 2 and Ex. A, Nov. 17, 2018.[1] The Contract specified that Burns would "have, under the direction of [the Governing] Board [of the New City School], general supervision and management authority of the School and all the personnel employed by the School." *Id.* at Ex. A.

{¶ 4} Burns also "had the authority to approve budget expenditures on behalf of New City through the Ohio Department of Education's electronic accounting system," authority that he shared with New City's chief fiscal officer, Carl Shye. *Id.* at ¶ 6;

---

[1] Burns's affidavit was attached to the motion for summary judgment he filed on November 19, 2018.

Complaint ¶ 8 and 21-22, July 3, 2018; Appellee's Brief 13. Once a budget expenditure was approved, state and federal grants would be deposited into New City's bank accounts; New City received $432,989.57 of state and federal funding during the 2009-2010 school year. Burns Affidavit ¶ 6; Affidavit of Brian Jones ¶ 5, Jan. 9, 2019.[2] On May 31, 2012, the Ohio State Auditor completed an audit of New City for the 2009-2010 school year, revealing that more than $50,000 had been misappropriated. *See* Complaint ¶ 15-16, 23 and Ex. 1; Affidavit of Michelle L. Lett ¶ 6, Jan. 10, 2019.[3]

{¶ 5} The State initiated the instant action by filing a complaint on July 3, 2018, against Burns and three other defendants, including New City's chief fiscal officer. Complaint ¶ 5-8. In its complaint, the State alleged that Burns and his co-defendants, being public officials, were jointly and severally liable under R.C. 9.39 for the misappropriated public money. *Id.* at ¶ 16-23. Burns and the State moved for summary judgment, and on May 16, 2019, the trial court overruled Burns's motion and sustained the State's motion. On July 12, 2019, the court amended its decision to add a certification pursuant to Civ.R. 54(B), and the clerk issued a notice pursuant to Civ.R. 58(B). Burns timely filed his notice of appeal on August 9, 2019.

## II. Analysis

{¶ 6} For his sole assignment of error, Burns contends that:

THE TRIAL COURT ERRED IN DENYING BURNS' MOTION FOR

---

[2] Jones's affidavit was included in the appendix to the motion for summary judgment filed by the State on January 10, 2019. The State filed the appendix as a separate document on the same date.

[3] Lett's affidavit was included in the appendix to the motion for summary judgment filed by the State on January 10, 2019.

SUMMARY JUDGMENT AND GRANTING THE MOTION FOR SUMMARY JUDGMENT OF THE STATE, IMPOSING [sic] STRICT LIABILITY ON BURNS BY FINDING HIS CONDUCT WITHIN THE MEANING OF R.C. 9.39.

{¶ 7} Burns argues that the trial court erred by finding that he "clearly * * * exer[cised]" control "over [the] public funds" allocated to New City because his "only responsibility [for New City's] fiscal affairs * * * was to approve [its] budget expenditures * * * through the Ohio Department of Education's electronic accounting system," which "trigger[ed] [the] release * * * of state and federal grant[s] * * * to New City['s] bank accounts." Appellant's Brief 7. Positing that liability under R.C. 9.39 is predicated on a public official's control over public funds, Burns concludes that the court's final order of July 12, 2019, should be reversed. *Id.* at 7-9 and 13.

{¶ 8} Under Civ.R. 56, summary judgment is proper only where: (1) a case presents no genuine dispute as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); *Dalzell v. Rudy Mosketti, L.L.C.*, 2d Dist. Clark No. 2015-CA-93, 2016-Ohio-3197, ¶ 5, citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The substantive law of the claim or claims being litigated determines whether a fact is "material." *Herres v. Millwood Homeowners Assn., Inc.*, 2d Dist. Montgomery No. 23552, 2010-Ohio-3533, ¶ 21, citing *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

**{¶ 9}** Initially, the movant bears the burden of establishing the absence of any genuine dispute of material fact, relying only on evidence of the kinds listed in Civ.R. 56(C). *Dalzell* at ¶ 5, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant meets its burden, then the non-moving party bears a reciprocal burden to establish, as set forth in Civ.R. 56(E), that the case presents one or more genuine issues of fact to be tried. *Id.* at ¶ 6. The non-moving party may not rely merely on the allegations or denials offered in the pleadings, but like the movant, "must be able to point to evidentiary materials of the type[s] listed in Civ.R. 56(C)." *Dresher* at 293, quoting Civ.R. 56(E); *Dalzell* at ¶ 6. On appeal, a trial court's ruling on a motion for summary judgment is reviewed de novo. *Dalzell* at ¶ 6, citing *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42.

**{¶ 10}** Here, the trial court held Burns liable pursuant to R.C. 9.39, which states in relevant part that "[a]ll public officials are liable for all public money received or collected by them or by their subordinates under color of office." Burns concedes that he was a public official during the term of his employment at New City, but he argues that his responsibility for authorizing the deposit of grant money into New City's bank accounts was insufficient, without more, to hold him liable for any subsequent misappropriation. *See Cordray v. Internatl. Preparatory School*, 128 Ohio St.3d 50, 2010-Ohio-6136, 941 N.E.2d 1170, ¶ 1 (noting that "an officer, employee or duly authorized representative or agent of a community school is a public official"); Complaint ¶ 4-5, 9-10 and 20; Answer of Defendant, Robert Burns ¶ 1; *see* Appellant's Brief 9-11.

**{¶ 11}** The application of R.C. 9.39 in this case depends on the meaning of the phrase "received or collected," which the statute itself does not define. The trial court

construed the phrase in reliance on the ordinary definitions of the words "collect" and receive," finding that the word " 'collect' [means] 'to bring together into one body or place' or 'to gather or exact from a number of persons or sources,' " and that the word " 'receive' [means] 'to come into the possession of' " or " 'acquire.' " Decision, Order and Entry Overruling Defendant's Motion for Summary Judgment and Sustaining Plaintiff's Cross-motion for Partial Summary Judgment 6, May 16, 2019 [*hereinafter* Final Order], quoting Merriam-Webster.com, definition of "collect," https://www.merriam-webster.com/dictionary/collect (accessed January 29, 2019), and Merriam-Webster.com, definition of "receive," https://www.merriam-webster.com/dictionary/receive (accessed January 29, 2019). Informed by these definitions, the court held that Burns was liable under R.C. 9.39 for the loss of public money allocated to New City, because Burns's approval of New City's budget expenditures was required for the "release [of] public mon[ey] into New City's bank accounts." Final Order 7. In the court's view, Burns thereby "exhibited an exertion of control over public funds." *Id.* at 8.

{¶ 12} The word "collect," however, may also be defined as "to claim as due and receive payment for." *Webster's New Collegiate Dictionary* 225 (10th Ed.1993). Thus, for purposes of R.C. 9.39, the word "receive" and the word "collect" arguably refer to the same act—a public official's receipt of public funds—regardless of the use of the word "or" in the phrase "received or collected." Given that this alternative definition is equally as compatible with the operation of R.C. 9.39 as the definition used by the trial court, we find that the phrase "received or collected" is ambiguous, which requires that we interpret the statute to discern the intent of the legislature.

{¶ 13} A court's goal when analyzing a statute is to discern and apply "legislative

intent [as] manifested in the words of the statute." *Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 12. As such, if the statutory language is "plain and unambiguous[,] [the statute] must be applied as written without further interpretation." *Id.* But if the statute is ambiguous, then a court must determine the legislature's intent. *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 96, 573 N.E.2d 77 (1991). A statute "is ambiguous 'if a reasonable person can find different meanings in the [statutory language] and if good arguments can be made for either of two contrary positions.' " *Sunset Estate Properties, L.L.C. v. Lodi*, 9th Dist. Medina No. 12CA23, 2013-Ohio-4973, ¶ 20, quoting *4522 Kenny Rd., L.L.C. v. Columbus Bd. of Zoning Adjustment*, 152 Ohio App.3d 526, 2003-Ohio-1891, 789 N.E.2d 246, ¶ 13 (10th Dist.); *see also Turner v. Hooks*, 152 Ohio St.3d 559, 2018-Ohio-556, 99 N.E.3d 354, ¶ 12, citing *Sunset Estate Properties* at ¶ 20.

{¶ 14} The principle "[t]hat public officials are liable for the public funds they control is firmly entrenched in Ohio law." *Internatl. Preparatory School*, 128 Ohio St.3d 50, 2010-Ohio-6136, 941 N.E.2d 1170, ¶ 12. Under " 'the American system of government, * * * a public office is a public trust, and * * * public property and public money in the hands of or [subject to] the control of [a public official] constitute a trust fund, for which the official as trustee should be held responsible to the same degree as the trustee of a private trust fund.' " *Id.*, quoting *Crane Twp. ex rel. Stalter v. Secoy*, 103 Ohio St. 258, 259-260, 132 N.E. 851 (1921).

{¶ 15} Before the enactment of R.C. 9.39, Ohio common law imposed strict liability on a public official for the loss of public funds, even if the loss was not the result of "illegal or otherwise blameworthy" conduct. *Id.* at ¶ 14, citing *State v. Herbert*, 49 Ohio St.2d

88, 96, 358 N.E.2d 1090 (1976). R.C. 9.39 "represents a codification" of the common law, "imposing strict liability on public officials for the loss of public funds with which they have been entrusted." *Id.* at ¶ 17. Thus, under Ohio common law as codified by R.C. 9.39, a public official is strictly liable for the loss of public funds over which the official exercises control, even if the loss is a result of a subordinate's conduct. *Herbert* at 96-97.

{¶ 16} Turning to the pending case, the funds at issue were not received by Burns and were not subject to his control. Instead, the record reflects that the funds were directed to and controlled by Shye in his capacity as New City's chief fiscal officer; that Burns was not Shye's supervisor; and that Shye acted independently, without oversight from Burns. *See* Burns Affidavit ¶ 2-7; *see also* Jones Affidavit ¶ 4 and 6-7. Burns's employment contract, for that matter, included no provision by which he was granted control over money in New City's accounts or supervisory authority over Shye. *See* Burns Affidavit at Ex. A. In the absence of such control, Burns did not receive or collect the money within the meaning of R.C. 9.39. Burns's assignment of error is sustained.

### III. Conclusion

{¶ 17} Burns did not exercise control over the public money allocated to New City during his term as New City's chief executive officer, and because he did not exercise control, we hold that he did not receive or collect the money within the meaning of R.C. 9.39. Therefore, the trial court's final order of July 12, 2019, is reversed, and this case is remanded to the court for entry of judgment in Burns's favor.

. . . . . . . . . . . .

WELBAUM, P.J., concurs.

HALL, J., dissents:

{¶ 18} I believe that the trial court was correct to grant summary judgment against Burns, the chief executive officer and "director" of the New City Community School, for public funds misappropriated during his tenure. I would affirm the judgment of the trial court and therefore dissent.

{¶ 19} As indicated in the majority decision, Burns had "general supervision and management authority of the school and all the personnel employed by the school" (¶ 3, above). He had authority to approve budget expenditures (¶ 4), and he conceded he had the responsibility for authorizing the deposit of grant money into New City's bank accounts (¶10). I agree with the trial court's conclusion that he took "affirmative steps within his official capacity to come to possess or acquire public funds for use by New City. Mr. Burns clearly exhibited an exertion of control over public funds." (Final Order at 8.)

{¶ 20} R.C. 9.39 is a strict-liability statute. The school's chief executive officer and director, the applicant for acquisition of the funds, cannot absolve himself of liability because the misappropriation of funds was done by, or under the direction of, treasurer Carl Shye. Burns claimed that he did not have supervision over Shye. If accurate, that was Burns's failure, given his broad authority as chief executive officer. He was the captain of the ship. R.C. 9.39 does not have an escape clause for those who fail to exercise oversight over funds for which they have applied. The obligation to oversee the expenditure of public funds by one who has applied for the money is, in my opinion, a non-delegable duty.

{¶ 21} Burns "collected" public funds when he approved New City's "final

expenditure report" and approved multiple grant funding applications on behalf of New City, resulting in the school procuring three separate grants during the 2009-2010 school year (fiscal year 2010). (Appendix to State's Motion for Partial Summary Judgment 67, ¶ 4-7.) Therefore, I would affirm the summary judgment decision of the trial court holding Burns liable for the misappropriated funds.

Copies sent to:

Todd R. Marti
Ashley A. Barbone
Carl Shye
William Bell Sr.
Janet K. Cooper
Hon. Mary L. Wiseman